*112 OPINION.
Tetjssell :
The issue presented for determination is the amount of this petitioner’s distributive share of the net profits of the copartnership, W. H. Edgar & Son. The only issue raised as to the correct amount of such net profits, is whether the partnership should be allowed to restore to its capital account for purposes of depreciation in 1921, capital items purchased prior to 1921, and charged to expense account when acquired and in use during 1921.
The Board has heretofore held that capital assets acquired and charged to expense account in years prior to the taxable year in question, should be restored to capital account and properly depreciated for the taxable year in question. Larrowe Milling Co., 3 B. T. A. 245; R. S. Newbold & Son Co., 7 B. T. A. 471. The capital assets listed in the findings of fact should be restored to the partnership’s capital account and depreciation allowed thereon at the following rates: automotive equipment 25 per cent, machinery 10 per cent, and furniture and fixtures 10 per cent. The depreciation in the amount of $507.54 allowed by the Commissioner on the Cadillac car for 1921 should be eliminated for the proper amount of depreciation will be taken care of in the recomputation after restoration of the capital assets set out in the findings of fact.
*113 Under the partnership agreement the allowance of the depreciation above set forth affects only petitioner’s distributive share of the partnership’s net profits and accordingly petitioner’s distributive share should be reduced by the amount of said depreciation.

Judgment will be entered upon 16 days' notice, pursuant to Rule 60.