CLINTON G. EDGAR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33944. Promulgated June 2, 1930.

*John F. Hughes*, and *J. H. Amick*, *C. P. A.*, *Esq.*, for the petitioner.

*Lloyd W. Creason*, *Esq.*, for the respondent.

OPINION.

SMITH. The issues in this case are (1) whether the respondent made proper deductions for depreciation in computing the net income of W. H. Edgar & Son for the calendar year 1925; and (2) whether the respondent properly computed petitioner's distributive share of the net income of W. H. Edgar & Son for the calendar year 1925.

With respect to the first issue, we have heretofore ruled in *Clinton G. Edgar*, 10 B. T. A. 110, that certain capital items of equipment, machinery, furniture and fixtures purchased prior to the year 1921 and charged to expense should be restored to the capital account of W. H. Edgar & Son and depreciation allowed thereon, and the respondent concedes that the petitioner is entitled to receive the benefit of a deduction on account of depreciation on those capital items which were acquired by the business prior to 1921 and which were still in use and not fully depreciated during the calendar year 1925, in accordance with that decision. Consequently, the assets heretofore excluded from the capital account but which were in use by W. H. Edgar & Son during the calendar year 1925 and had not been depreciated fully prior to that year, should be depreciated in accordance with the rates set out in our former decision, and the amount of depreciation thus ascertained should be allowed as a deduction in computing the net income of W. H. Edgar & Son for the year 1925.

With respect to the second issue, the petitioner alleges that W. H. Edgar & Son was a partnership consisting of petitioner and his mother, Mary G. Edgar; that her capital invested in the partnership was $225,000; that his investment in the partnership was $25,000; that Mary G. Edgar was entitled to all of the partnership profits that might be earned in any year or years up to an amount equal to 6 per cent.on the amount of capital contributed by her to the partnership; that such amount at all times has amounted to $13,500; that after Mary G. Edgar had received her distributive share of partnership profits, any profits remaining over and above such share were and are distributable to him, and that the net income of the business for each of the years 1922, 1923, and 1924 was less than $13,500. The petitioner argues that the conclusion to be drawn from his allegations is that since the net income of the business for each

**18**

of the years 1922, 1923, and 1924 was less than $13,500, the distributive share of Mary G. Edgar of the earnings of the business for the year 1925, which earnings amounted to $38,354.89 computed without the benefit of any allowance for depreciation on account of capital assets purchased prior to 1921, consisted of $13,500 plus the difference between that amount each year and the net earnings of the partnership for each of the years 1922, 1923, and 1924, aggregating a total distributive share amounting to $51,499.54. However, before discussing the problem involved, we must point out that we can not determine the accuracy of the figure $51,499.54, since it has not been shown what the net income of W. H. Edgar & Son was for the year 1922.

If W. H. Edgar & Son was a partnership, and if it had dissolved at the close of the year 1925, it is conceivable that under certain circumstances an accounting at the demand of Mary G. Edgar might be had upon the basis presently contended for by the petitioner. However, we are not convinced from the evidence in this proceeding that the contention of the petitioner is sound. Without deciding whether the business conducted under the name of W. H. Edgar & Son constituted a partnership, although some doubt that such was the case might be entertained when the provisions of the agreement providing that the petitioner should have the entire and exclusive control and management of the business in all of its departments and branches are viewed in the light of what was said relative to the incidents of a partnership in *Meehan* v. *Valentine*, 145 U. S. 611, and *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, we are convinced that a proper interpretation of the agreement, and/or any amplification or restrictions thereof under which the business was conducted during the years 1922, 1923, 1924, and 1925, is that Mary G. Edgar should have all of the profits of the business up to and including $13,500 per year, and not that her distributive share of partnership earnings should be $13,500 each year irrespective of the amount of such earnings.

The mere fact that there was paid to her the amount of $13,500 each year we do not believe is material to a disposition of this proceeding, since we are convinced that the difference between that amount each year and the earnings of the business for each of the years 1922, 1923, and 1924 constituted either a gift to his mother by the petitioner or a reduction of her capital investment. Furthermore, it is significant that the books of the business, aside from the private ledger maintained by the petitioner, do not reflect the payments made Mary G. Edgar in the years prior to the one under review, nor are we aware that any credits for the year 1925, other

than the amount of $13,500, have been set up in any records maintained by the business or privately by the petitioner.

In view of what has been said, we are of the opinion that the respondent properly computed the petitioner's distributive share of the net income of W. H. Edgar & Son for the year 1925, except as such distributive share may be modified by reason of our disposition of the first issue herein.

*Judgment will be entered under Rule 50.*